UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-20213-CIV-MCALILEY
[CONSENT]

MARIA MOSQUERA, and others similarly-situated,

    Plaintiffs,

vs.

VALENCIA FOOD STORES #122, INC., a Florida corporation, and ANGELO GIORDANO, individually,

    Defendants.

_____/

## PLAINTIFF'S STATEMENT REGARDING SETTLEMENT IN COMPLIANCE WITH COURT ORDER [D.E. 27].

Plaintiff, MARIA MOSQUERA, by and through her respective counsel, hereby files her Statement Regarding Settlement in Compliance with Court Order [D.E. 27], and states as follows:

Plaintiff filed a Complaint alleging unpaid overtime wages (the "federal case"). Plaintiff filed a second complaint for pregnancy discrimination pursuant to the Florida Civil Rights Act (FCRA) and the Miami Dade County Code on Human Relations (MDCCHR) against Defendant VALENCIA FOOD STORES #122, INC., in the case now pending before the Eleventh Judicial Circuit Court, in and for Miami-Dade County, Florida, *Mosquera v. Valencia Food Stores #122, Inc.*, case no. 13-29584 CA 13 (the "state case").

The parties attended to mediation in the present Federal case pursuant to the Court's order, and for the mutually benefit of the parties, also agreed to voluntary submit the issues in the

State case for mediation. The parties reached a settlement which contemplated resolution of both actions.

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim for back wages must either be supervised by the Secretary of Labor or must be approved by the District Court.[1]  See *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982).  To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  *Id.* at 1354.  If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*; see also *Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977). When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.,* 391 F.Supp. 2d 1142, 1146 (M.D. Fla. 2005).

Recent case law has shifted the approval process when Plaintiff is represented by counsel, and is therefore placed in an adversarial setting.  In the present case, both parties were represented by counsel in an adversarial proceeding. *See Martin v. Spring Break '83 Prods.*, LLC, 688 F.3d 247 (5th Cir. 2012) (Lynn's Food Stores, Inc. fairness concerns not implicated regarding settlement that occurred within the context of a lawsuit where a plaintiff-employee is represented by counsel), *followed* by *Smith v. Tri-City Transmission Serv*., 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012).

The following factors are typically considered by the Court in determining the reasonableness of the agreement:

---

[1] There is no similar requirement for pregnancy claims to be approved by any agency or the Court.

      (1) the existence of fraud or collusion behind the settlement;
      (2) the complexity, expense, and likely duration of the litigation;
      (3) the stage of the proceedings and the amount of discovery completed;
      (4) the probability of plaintiff's success on the merits;
      (5) the range of possible recovery; and
      (6) the opinions of the counsel.
*Hamilton v. Frito-Lay, Inc.*, 2007 WL 328792 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted,* 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

As to the *first factor*, there is no fraud or collusion behind the settlement. Plaintiff and Defendants were represented by Counsel. Plaintiff has resolved the action and accepted less than her full value of the claim due to the disputed issues of facts and inherent risks of litigation. *Infra.*

As to the *second and third factor*, a trial has been scheduled for April 21, 2014. [D.E. 20]. The litigation is currently in the pretrial stage. The Plaintiff would have had to incur significant attorney time in preparing pretrial stipulations, jury instructions, and preparation for trial, as well as attend an estimated two-to-three day trial. There are several disputed issues, including enterprise coverage and the hours that Plaintiff worked. Additionally, there is the possibility that should Plaintiff prevail, then Defendants could appeal the verdict, albeit the statistical possibility of an appeal cannot be presently ascertained. An additional concern is that after this litigation ceased, the Plaintiff would be engaged in a second lengthy state action. The state action is currently at its initial stages, with only discovery being served. While the complexity of the cases are not high, in the general senses, there are several disputed issues of fact which could be found for the Defendants. *Infra.*

As to the *fourth factor*, there are several disputed issues. Plaintiff contends that she was not paid overtime wages throughout her employment. Defendants contend that Plaintiff never worked more than 40 hours.

3

Defendants deny they are enterprise engaged in commerce. Specifically, Defendants deny that it grossed more than $500,000.00, annually, in each relevant year. Plaintiff contends that Defendants have not accurately reported all income, and this additional income will increase Defendants' gross sales above the threshold amount.

Plaintiff alleges the violation was willful. If Plaintiff's position is correct, then Plaintiff would be entitled to a three-year statute of limitation for the overtime wage claim. Defendants' deny the violation was willful. If Defendants' position is correct, then Plaintiff would be limited to a two-year statement of limitation.

Plaintiff alleges the violation lacked good faith. If Plaintiff's position is correct, then Plaintiff would be entitled to liquidated damages. Defendants' allege the violation was held in good faith. If Defendants' possession is correct, then Plaintiff's claim would be limited to the wage portion.

As to the State Case, Plaintiff claims that she was terminated based on being pregnant. Defendant denies that Plaintiff was terminated based on pregnancy, but rather that she voluntarily resigned from her position.

As to the *fifth factor*, should Defendants have prevailed based on any of their defenses, Plaintiff potentially may have recovered less than what is claimed in the Complaint, not recovered anything, or may have owed a cost judgment to the Defendants. Should Plaintiff prevail, the Defendants may potentially fail on all defenses and be indebted to the Plaintiff for a Judgment for wages, for part or the entire of Plaintiff's claim, as well as an award for liquidated damages and attorney's fees. The total range of recovery for the Plaintiff's wage claim is $6,143.00 in wages, and an amount equal in liquidated damages. Plaintiff would also be entitled

to retaliatory damages, if she prevailed. Consequently, Plaintiff recognizes the inherent uncertainty in proceeding with this action, the preoccupation of litigation, the investiture of additional time to continue to litigate this case, the additional expenditure of fees and costs that will accrue, the uncertainty of whether any money judgment would be collectable, and the possibility that such a judgment would be discharged in bankruptcy.  In recognition of these concerns, the parties have agreed to resolve this action.

The parties have agreed to resolve this action for $20,000.00, inclusive of attorney's fees and costs. [D.E. 25-1]. From the settlement amount, Plaintiff will receive $10,000.00, apportioned as $4,000.00 as wages, $4,000.00 as liquidated damages, and $2,000.00 for retaliation damages. Plaintiff's counsel will receive $7,467.64 in fees and $2,532.36 in costs.[2] Thus, Plaintiff will be receiving recovery on a significant portion of her claim.

Plaintiff's compensation is based on a contingency fee agreement. The undersigned certifies that Plaintiff's contingency fee agreement is compliant with Florida Bar Rule 4-1.5(f).. As indicated above, Plaintiff has reduced their contingency fee to account for an additional $532.36 in costs (from the state case) that were not previously allocated at the mediation. Plaintiff's counsel billing records are attached which reflect that Plaintiff has significantly reduced their fee in order to resolve this action.

Plaintiff's counsel's records are attached which indicate that counsel has also agreed to a reduction of his fees. Exhibit 1

---

[2] The settlement agreement states that Plaintiff's counsel is receiving $2,000.00 in costs. The figure did not contain an additional $532.36 in costs that Plaintiff's counsel had incurred in the discrimination case. Thus, in effect, the Plaintiff's counsel has received $532.36 less in fees and incurred $532.36 more in costs. These costs include the two filing fees for the state and federal case, deposition of three witnesses, and the cost of interpreter for two witness depositions.

As to the *sixth factor*, the Plaintiff is satisfied, when considering the aforementioned issues, that the Agreement fairly resolves the dispute between them in the instant action.

Based on the foregoing factors, Plaintiff requests the Court to find the agreement is fair and reasonable.

                                              THE LAW OFFICES OF
                                              EDDY O. MARBAN
                                              Counsel for Defendants
                                              1600 Ponce De Leon Boulevard, Suite 902
                                              Coral Gables, Florida 33134
                                              Telephone (305) 448-9292
                                              Facsimile (305) 448-9477
                                              E-mail: marbanlaw@gmail.com

                                              By: */s EDDY O. MARBAN*
                                                  EDDY O. MARBAN, ESQ.
                                                 Fl. Bar No. 435960